**IN THE CIRCUIT COURT OF MARYLAND FOR MONTGOMERY COUNTY**

OMAHA PROPERTY MANAGER, LLC
(a Delaware Limited Liability Company)
425 South Financial Place, Suite 2000
Chicago, Illinois 60605

Plaintiff,

v.

KAMAL MUSTAFA
18306 Bubbling Spring Terrace
Boyds, Maryland 20841

and

SIDIKATU RAJI
9125 Belvedere Drive
Frederick, Maryland 21704

and

OMAHA PROPERTY MANAGER, LLC
(a Maryland Limited Liability Company)
18306 Bubbling Spring Terrace
Boyds, Maryland 20841

Serve on:
Kamal Mustafa (Resident Agent)
18306 Bubbling Spring Terrace
Boyds, Maryland 20841

and

OMAHA PROPERTY MANAGER, LLC
(an Illinois Limited Liability Company)
18306 Bubbling Spring Terrace
Boyds, Maryland 20841

Serve on:
Registered Agents Inc.
2501 Chatham Road, Suite R
Springfield, Illinois 62704

and

**Case No.**

NDF1, LLC )
12600 Nichols Promise Drive )
Bowie, Maryland 20720 )
)
Serve on: )
Kamal Mustafa (Resident Agent) )
18306 Bubbling Spring Terrace )
Boyds, Maryland 20841 )
)
Defendants. )

## VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, Omaha Property Manager, LLC, a Delaware limited liability company ("Delaware Omaha"), by and through its undersigned counsel, hereby files this Verified Complaint for Injunctive and Other Relief (the "Complaint") against: (1) Kamal Mustafa ("Mustafa"); (2) Sidikatu Raji ("Raji"); (3) Omaha Property Manager, LLC, a Maryland limited liability company ("Maryland Omaha"); (4) Omaha Property Manager, LLC, an Illinois limited liability company ("Illinois Omaha"); and (5) NDF1, LLC ("NDF1"), a Maryland limited liability company. By filing this Complaint, Delaware Omaha respectfully requests the Court to issue an Order for injunctive relief, pursuant to Md. R. Spec. Proc. Rule 15-501 *et seq.*, providing a temporary restraining order ("TRO") and/or preliminary injunction against Defendants under the terms set forth herein. Additionally, Delaware Omaha respectfully requests judgement in the form of monetary damages and any further relief that this Court deems necessary.

## PARTIES

1. Delaware Omaha is a Delaware limited liability company with its principal place of business located at c/o Fay Servicing, LLC, 425 South Financial Place, Suite 2000, Chicago, Illinois 60605.

2. Mustafa is an individual who resides at 18306 Bubbling Spring Terrace, Boyds, Maryland 20841. Upon information and belief, Mustafa is the President and/or owner of Maryland

Omaha, Illinois Omaha, and NDF1. Mustafa is also a real estate agent licensed with the Maryland Department of Labor (License No. 88102).

3.      Raji is an individual who, upon information and belief, resides at 9125 Belvedere Drive, Frederick, Maryland 21704.

4.      Maryland Omaha is a Maryland limited liability company with its principal place of business located at 18306 Bubbling Spring Terrace, Boyds, Maryland 20841.

5.      Illinois Omaha is an Illinois limited liability company with its principal place of business located at 18306 Bubbling Spring Terrace, Boyds, Maryland 20841.

6.      NDF1 is a Maryland limited liability company with its principal place of business located at 12600 Nichols Promise Drive, Bowie, Maryland 20720.

## JURISDICTION AND VENUE

7.      This action seeks, among other relief, preliminary injunctive relief pursuant to Maryland Code, Courts and Judicial Proceedings Article ("CJP"), §§ 3-401, *et seq.* and Md. R. Spec. Proc. Rule 15-501 *et seq.*

8.      This Court has subject matter jurisdiction pursuant to CJP §§ 1-501 and 3-403.

9.      This Court has personal jurisdiction over Mustafa pursuant to CJP § 6-102(a) because he is domiciled in Maryland.

10.     This Court has personal jurisdiction over Raji pursuant to CJP § 6-102(a) because she is domiciled in Maryland.

11.     This Court has personal jurisdiction over Maryland Omaha pursuant to CJP § 6-102(a) because its principal place of business is located in Maryland.

12.     This Court has personal jurisdiction over Illinois Omaha pursuant to CJP § 6-102(a) because its principal place of business is located in Maryland.

13. This Court has personal jurisdiction over NDF1 pursuant to CJP § 6-102(a) because its principal place of business is located in Maryland.

14. Venue is proper in this Court pursuant to CJP § 6-201 because Defendants' reside and carry on regular business in Montgomery County, Maryland and at least one of the properties at issue is located in Montgomery County, Maryland.

## FACTUAL ALLEGATIONS

### A. Delaware Omaha's Business.

15. Delaware Omaha was formed on June 11, 2020 for the purpose of purchasing residential properties during lawful foreclosure sales and reselling those properties to interested buyers.

16. After purchasing a property at foreclosure sale, Delaware Omaha's practice is to negotiate a deed to the property in its name and record that deed with the land records for the respective county wherein the property is located.

17. Once the deed is recorded, Delaware Omaha either seeks to package the properties it owns together for resale to institutional buyers or seeks to list the property for sale to an individual purchaser.

18. In the latter case, Delaware Omaha typically employs a third-party real estate company to assist with the listing and marketing of the property for sale.

### B. Defendants' Fraudulent Actions Towards 14611 Bubbling Spring Road, Boyds, Maryland 20841.

19. On December 2, 2020, Delaware Omaha purchased the property located 14611 Bubbling Spring Road, Boyds, Maryland 20841 (the "Bubbling Spring Property") at a foreclosure sale for the price of $600,000. A true and accurate copy of the Report of Sale With Affidavit of Fairness Pursuant to Rule 14-305(a) is attached hereto as **Exhibit A**.

20. The Circuit Court for Montgomery County, Maryland ratified the sale of the Bubbling Spring Property to Delaware Omaha on July 16, 2021. A true and accurate copy of the Order of Ratification of Sale is attached hereto as **Exhibit B**.

21. On or about July 22, 2021, the Substitute Trustee of the former Deed over the Bubbling Spring Property executed a Fee Simple Trustee's Deed that lawfully conveyed the Bubbling Spring Property to Delaware Omaha. The Fee Simple Trustee's Deed was duly recorded in the Official Records of Montgomery County, Maryland on or about November 4, 2021 at Book 64504, Page 230. A true and accurate copy of the Bubbling Spring Fee Simple Trustee's Deed is attached as **Exhibit C.**

22. On December 4, 2020, two days after the foreclosure sale of the Bubbling Spring Property, Defendant Mustafa registered Maryland Omaha with the Maryland Department of Assessments and Taxation ("Maryland SDAT"). A true and accurate copy of a printout from the Maryland State Department of Assessments & Taxation's website is attached as **Exhibit D.**

23. Subsequently, Defendant Mustafa also registered Illinois Omaha on November 18, 2021, approximately 14 days after Delaware Omaha had recorded its Fee Simple Trustee's Deed for the Bubbling Spring Property. A true and accurate copy of a printout from the Office of the Illinois Secretary of State's website is attached as **Exhibit E**.

24. Mustafa, Maryland Omaha, and Illinois Omaha do not have any connection to Delaware Omaha.

25. Upon information and belief, both Maryland and Illinois Omaha were created solely for the purposes of imitating Delaware Omaha and facilitating Defendants' fraudulent activities.

26.     On or about November 24, 2021, Mustafa, as the President of Maryland Omaha and Illinois Omaha, executed a fraudulent Deed purporting to transfer ownership of the Bubbling Spring Property to NDF1, another entity owned by Mustafa. A true and correct copy of the Fraudulent Deed is attached as **Exhibit F**.

27.     Although Delaware Omaha held title to the Bubbling Spring Property following the December 2, 2020 public auction, Mustafa, Maryland Omaha, and Illinois Omaha misrepresented in the Fraudulent Deed that Maryland Omaha and/or Illinois Omaha possessed an ownership interest in the Bubbling Spring Property such that they could convey the Bubbling Spring Property to NDF1.

28.     Mustafa, Maryland Omaha, and Illinois Omaha executed the Fraudulent Deed despite having actual knowledge that Mustafa, Maryland Omaha, and Illinois Omaha do not have—and have never had—any ownership interest in the Bubbling Spring Property. The Fraudulent Deed was recorded in the Official Records of Montgomery County, Maryland on or about December 10, 2021 at Book 64798, Page 4. *Id.*

29.     Delaware Omaha, as the rightful owner of the Bubbling Spring Property, had no knowledge of the Fraudulent Deed and did not authorize Mustafa, Maryland Omaha, and/or Illinois Omaha to convey the Bubbling Spring Property to NDF1.

30.     Following the fraudulent conveyance of the Bubbling Spring Property to NDF1, Mustafa, Maryland Omaha, and Illinois Omaha have continued to falsely represent that NDF1 owns the Bubbling Spring Property and that Delaware Omaha has no legal right to the Bubbling Spring Property.

31. On March 16, 2022, in connection with a bankruptcy proceeding initiated by the former owners of the Property[1] in the U.S. Bankruptcy Court for the District of Maryland (Case No. 22-10706), Mustafa, as the President of Maryland Omaha and Illinois Omaha, filed an Affidavit, swearing—under the penalties of perjury—that NDF1, not Delaware Omaha, owned the Bubbling Spring Property. A true and accurate copy of the Affidavit of Registered Agent of Omaha Property Manger [sic] LLC, dated March 16, 2022, is attached hereto as **Exhibit G**.

32. The sworn Affidavit attempts to fraudulently discharge Delaware Omaha from the bankruptcy proceeding by stating that Mustafa did not authorize Delaware Omaha's counsel to appear for the purpose of protecting Delaware Omaha's rights and interest in the Bubbling Spring Property. *Id.*

33. On March 30, 2022, Delaware Omaha filed a Verified Complaint to Quiet Title against Defendants seeking a declaration of Delaware Omaha's lawful acquisition of the Bubbling Spring Property. The case was filed with this Court and was assigned a case number of C-15-CV-22-001354.

34. Defendant Mustafa responded to the Verified Complaint to Quiet Title on May 23, 2022 by filing a Motion to Dismiss that asserted a number of baseless and blatantly false arguments, including that NDF1 is the owner of the Bubbling Spring Property and that Delaware Omaha is a "fictitious entity" because it shares the same name as Maryland Omaha and Illinois Omaha, entities that were created *after* Delaware Omaha. A copy of Defendant Mustafa's Motion to Dismiss is attached hereto as **Exhibit H.** This Court denied Mustafa's Motion to Dismiss on or about June 9, 2022.

[1] Frederick and Dora Kitcher formerly owned the Property but defaulted on their mortgage in 2015, thereby leading to the foreclosure sale referenced in Paragraph 19 of this Complaint. Since defaulting on the mortgage, Mr. and Mrs. Kitcher have filed six (6) separate bankruptcy proceedings seeking to forestall the repossession of the Bubbling Springs Property.

35. At all relevant times to these frivolous court filings containing false representations (including those made under the penalty of perjury), Defendants had actual knowledge that Delaware Omaha is the rightful owner of the Bubbling Spring Property and that neither Mustafa, Raji, Maryland Omaha, Illinois Omaha, nor NDF1 had any basis to claim an ownership interest in the Bubbling Spring Property.

**C. Defendants' Continued Fraudulent Behavior Toward Other Properties Owned by Delaware Omaha.**

36. Since filing the Fraudulent Deed against the Bubbling Spring Property, Defendants have replicated their fraudulent actions toward other properties owned by Delaware Omaha.

37. On September 15, 2020, Delaware Omaha purchased the property located at 1537 Havilland Place, Frederick Maryland 21702 (the "Havilland Property") at a lawful foreclosure sale for $261,000.

38. Delaware Omaha's purchase of the Havilland Property was ratified by the Circuit Court for Frederick County on or about November 19, 2020.

39. On December 10, 2020, Substitute Trustee for the former owner of the Havilland Property executed a Substitute Trustee's Deed that conveyed the Havilland Property to Delaware Omaha, which was subsequently recorded in the Official Records of Frederick County, Maryland on or about February 22, 2021 at Book 14580, Page 422. A true and accurate copy of the Havilland Substitute Trustee's Deed is attached as **Exhibit I**.

40. Over a year later, on April 26, 2022, Mustafa, acting as the President of Maryland Omaha, executed another fraudulent Deed purporting to transfer ownership of the Havilland Property to NDF1. The fraudulent deed for the Havilland Property was recorded in Frederick County, Maryland on or about May 3, 2022 at Book 15893, Page 452. A true and correct copy of the fraudulent deed for the Havilland Property is attached hereto as **Exhibit J.**

41.     Delaware Omaha, as the rightful owner of the Havilland Property, had no knowledge of the fraudulent deed and did not authorize Mustafa or Maryland Omaha to convey the Havilland Property to NDF1.

42.     When Mustafa created and filed the fraudulent deed for the Havilland Property, Mustafa had actual knowledge that Delaware Omaha is the rightful owner of the Havilland Property and that neither Mustafa, Raji, Maryland Omaha, Illinois Omaha, nor NDF1 had any basis to claim an ownership interest in the Havilland Property.

43.     On May 4, 2021, Delaware Omaha purchased the property located at 5516 Vantage Point Road, Columbia, Maryland 21044 (the "Vantage Point Property") at a lawful public auction for $299,250.

44.     Delaware Omaha's purchase of the Vantage Point Property was ratified by the Circuit Court for Howard County on or about September 3, 2021.

45.     On September 15, 2021, Substitute Trustee for the former owner of the Vantage Point Property executed a Substitute Trustee's Deed that conveyed the Vantage Point Property to Delaware Omaha, which was subsequently recorded in the Official Records of Howard County, Maryland on or about September 22, 2021 at Book 20934, Page 335. A true and accurate copy of the Vantage Point Substitute Trustee's Deed is attached as **Exhibit K**.

46.     Several months later, on May 5, 2022, Mustafa, acting as the President of Maryland and/or Illinois Omaha, executed another fraudulent deed purporting to transfer ownership of the Vantage Point Property to NDF1. The fraudulent deed for the Vantage Point Property was recorded in Howard County, Maryland on or about May 6, 2022 at Book 21511, Page 126. A true and correct copy of the fraudulent deed for the Vantage Point Property is attached hereto as **Exhibit L.**

47.      Delaware Omaha, as the rightful owner of the Vantage Point Property, had no knowledge of the fraudulent deed and did not authorize Mustafa or Maryland Omaha to convey the Vantage Point Property to NDF1.[2]

48.      Before transferring the Havilland Property and Vantage Point Property to NDF1, Mustafa registered Maryland Omaha to do business with the Secretary of the State for Connecticut, which is the state identified as Delaware Omaha's place of business on the deeds for the Havilland Property and Vantage Point Property.

49.      When Mustafa created and filed the fraudulent deed for the Vantage Point Property, Mustafa had actual knowledge of that Delaware Omaha is the rightful owner of the Vantage Point Property and that neither Mustafa, Raji, Maryland Omaha, Illinois Omaha, nor NDF1 had any basis to claim an ownership interest in the Vantage Point Property.

50.      Since the filing of the fraudulent deeds related to the Bubbling Spring, Havilland, and Vantage Point Properties (referred to collectively as the "Properties"), Mustafa and Raji have made several attempts to harass and intimidate Delaware Omaha and its employees by leveraging the fraudulent deeds and making false claims regarding NDFI's ownership of the properties.

51.      On or about May 25, 2022, the real estate agent employed by Delaware Omaha to sell the Havilland Property received a call from Raji, a realtor with Taylor Properties. Raji stated that Taylor Properties had taken over the listing for the Havilland Property and, at the behest of Mustafa, demanded that Delaware Omaha's listing be removed.

52.      When Delaware Omaha refused to remove the listing for the Havilland Property, Mustafa emailed the listing agent on June 1, 2022, stating that Delaware Omaha is "not the owner

---

[2] On June 10, 2022, Delaware Omaha filed two more Verified Complaints to Quiet Title with respect to the Havilland and Vantage Point Properties. The Vantage Point Property action was filed in the Circuit Court for Howard County and is Case Number C-13-CV-22-000516. The Havilland Property action was filed in the Circuit Court for Frederick Maryland and is Case Number C-10-CV-22-000338.

of the subject property" and threatening to file a "formal Complaint with the Maryland Real Estate Commission" if the agent did not remove Delaware Omaha's listing of the Havilland Property. A true and correct copy of the email chain documenting the May 25, 2022 call and Mr. Mustafa's correspondence is attached hereto as **Exhibit M.**

53.     Based on Mustafa and Raji's false assertions and threats, the real estate agent withdrew Delaware Omaha's listing of the Havilland Property on June 1, 2022. *Id.*

54.     On or about May 26, 2022, Mustafa also emailed the listing agent for the Vantage Point Property asking the agent to "[p]lease withdraw the listing" with a reference to Defendants' fraudulent deed. A true and correct copy of Mustafa's email correspondence with respect to the Vantage Point Property is attached hereto as **Exhibit N.**

55.     Mustafa sent a follow up email on June 1, 2022 stating that "legally there is a cloud on the title[]" of the Vantage Point Property as a result of Defendants fraudulent deed. *Id.*

56.     When Delaware Omaha's real estate agent refused to remove the listing, Mustafa, copying Raji, followed with another email later that day insisting that Delaware Omaha "is not the legal owner of the [Vantage Point Property]," demanding that the agent "withdraw your listing and do not get [sic] a party to litigation," and threatening to "file a Complaint with the Maryland Real Estate commission." *Id.*

57.     Additionally, Mustafa physically stole the spare key from the realtor's lockbox of the Vantage Point Property, effectively locking Delaware Omaha's real estate agents out of the Property and preventing any showings to potential purchasers.

58.     Upon information and belief, Raji, on behalf of Mustafa and the other Defendants, is currently listing the Vantage Point Property as a rental property and is seeking to install tenants at the Vantage Point Property for the purposes of collecting rent for Mustafa and Defendants.

59.   At the time of these actions toward the Havilland and Vantage Point Properties, Mustafa had actual knowledge that Delaware Omaha lawfully owned the Properties and that neither Mustafa, Maryland Omaha, Illinois Omaha, nor NDF1 had any basis to claim an ownership interest in either the Havilland or Vantage Point Properties.

60.   Defendants, through the fraudulent actions of Mustafa and Raji, continue to unlawfully and intentionally disrupt Delaware Omaha's legal ownership of the Properties.

61.   Defendants' deliberate actions have also unlawfully interfered with Delaware Omaha's attempts to market and sell the Properties by threatening and intimidating Delaware Omaha's listing agents.

62.   Finally, Defendants' deliberate actions also amount to intentional abuse of the legal system and serve only to waste judicial resources and force Delaware Omaha to incur onerous legal costs by prosecuting numerous lawsuits against Defendants.

**D.   Defendants' Attempted to Sell a Property Owned by Delaware Omaha.**

63.   Delaware Omaha purchased a home located at 4800 Hamilton Street, Hyattsville, Maryland (the "Hamilton Street Property") at a foreclosure sale on March 2, 2021 for $400,000.00.

64.   On or about April 27, 2021, the Substitute Trustee of the former Deed over the Hamilton Street Property executed a Substitute Trustee's Deed that lawfully conveyed the Hamilton Street Property to Delaware Omaha. The Substitute Trustee's Deed was duly recorded in the Official Records of Prince George's County, Maryland on or about May 17, 2021 at Book 45485, Page 385. A true and accurate copy of the Hamilton Street Fee Simple Trustee's Deed is attached as **Exhibit O.**

65.   Delaware Omaha never transferred any rights or interests in the Hamilton Street Property to Defendants.

66. On or about May 13, 2022, Delaware Omaha was alerted by a title company that Mustafa and Maryland Omaha were attempting to sell the Hamilton Street Property to a third party buyer, 495 Properties LLC.

67. In connection with that fraudulent sale, Mustafa and Maryland Omaha entered into a sales contract with 495 Properties LLC under which Mustafa and Maryland Omaha purported to sell the Hamilton Street Property for $250,000.00. In doing so, they misrepresented, among other things, that they had "good and marketable and insurable title to" the Hamilton Street Property. See Real Estate Sales Agreement, ¶ 18 (attached as **Exhibit P**).

68. During the course of that fraudulent transaction, Mustafa represented to the seller and the title company that Maryland Omaha and/or Illinois Omaha—not Delaware Omaha—owned the Hamilton Street Property.

69. Mustafa's attempt to sell the Hamilton Street Property failed when the title company discovered that Delaware Omaha, not Defendants, was the rightful owner of the Hamilton Street Property.

## COUNT I – INJURIOUS FALSEHOOD – DISPARAGEMENT OF TITLE

70. Delaware Omaha repeats and realleges the preceding allegations as if fully set forth herein.

71. Delaware Omaha is the rightful owner of the Bubbling Spring, Havilland, and Vantage Point Properties after purchasing the Properties at foreclosure sale.

72. Delaware Omaha never conveyed or transferred to Mustafa, Raji, Maryland Omaha, Illinois Omaha, or NDF1 any rights or interest in the Properties.

73. Mustafa, Raji, Maryland Omaha, Illinois Omaha, and NDF1 have actual knowledge that Delaware Omaha is the rightful owner of the Properties and that Defendants do not have, and have never had, any legitimate rights or interest in the Properties.

74. By filing the fraudulent deeds for each of the Properties and openly misrepresenting to the public, including this Court, that NDF1 owns the Properties, Defendants have both uttered and publicized slanderous material with regard to Delaware Omaha's lawful title to and ownership of the Properties.

75. The fraudulent deeds and Defendants' misrepresentations regarding NDF1's ownership of the Properties are blatantly false.

76. Defendants acted with malice by deliberately filing the fraudulent deeds and making misrepresentations regarding NDF1's ownership of the Properties with actual knowledge that Delaware Omaha had lawful title and ownership of the Properties.

77. As a result of Defendants' malicious actions, Delaware Omaha has suffered special damages in the form of monetary losses associated with being unable to freely sell the Properties and the expenses and legal fees incurred from prosecuting quiet title actions for each of the Properties.

78. WHEREFORE, Delaware Omaha seeks a judgment in an amount exceeding $75,000 that is sufficient to compensate Delaware Omaha for the actual damages incurred as a result of Defendants' injurious falsehoods related to Delaware Omaha's lawful ownership of the Properties, as well as punitive damages resulting from Defendants' malicious conduct. Delaware Omaha further seeks injunctive relief in the form of a TRO and/or preliminary injunction prohibiting Defendants from: (1) continuing to make fraudulent claims of ownership toward the Properties or any other properties owned by Delaware Omaha; (2) from entering or coming within

100 yards of the premises of any of the Properties; (3) listing any of the Properties for sale; and (4) renting and/or installing tenants in any of the Properties. Delaware Omaha also seeks any other further relief that this Court deems appropriate.

**COUNT II – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

79. Delaware Omaha repeats and realleges the preceding allegations as if fully set forth herein.

80. Delaware Omaha is the rightful owner of the Bubbling Spring, Havilland, and Vantage Point Properties after purchasing the Properties at foreclosure sale.

81. Mustafa, Raji, Maryland Omaha, Illinois Omaha, and NDF1 have actual knowledge that Delaware Omaha is the rightful owner of the Properties and that Defendants do not have, and have never had, any legitimate rights or interest in the Properties.

82. Nonetheless, Defendants intentionally and willfully filed the fraudulent deeds for each of the Properties and openly misrepresented that NDF1 owns the Properties.

83. Moreover, Defendants have intentionally and willfully leveraged the fraudulent deeds and their false claims of ownership over the Properties to harass and falsely threaten Delaware Omaha's real estate agents into removing listings of the Properties.

84. Defendants' intentional and willful actions were calculated to interfere with Delaware Omaha's lawful ownership of the Properties, prevent Delaware Omaha from exercising its rights toward the Properties, and thwart any efforts by Delaware Omaha to sell the Properties to third parties.

85. Defendants are aware they have no legitimate interest or right in the Properties and, therefore, Defendants' intentional and willful actions were unlawful and were committed solely with the purpose of causing damage to Delaware Omaha.

86. As a result of Defendants intentional and willful actions, Delaware Omaha has suffered actual damages including, but not limited to, devaluation of the Properties due to Defendants' interference with title, inability to sell the Properties, and accumulation of unnecessary legal fees related to actions that address Defendants' fraudulent deeds and other misrepresentations.

87. WHEREFORE, Delaware Omaha seeks a judgment in an amount exceeding $75,000 that is sufficient to compensate Delaware Omaha for the actual damages and expenses incurred as a result of Defendants' intentional interference with Delaware Omaha's lawful ownership of the Properties and the economic advantages associated therewith, as well as punitive damages resulting from Defendants' malicious conduct. Delaware Omaha further seeks injunctive relief in the form of a TRO and/or preliminary injunction prohibiting Defendants from: (1) continuing to make fraudulent claims of ownership toward the Properties or any other properties owned by Delaware Omaha; (2) from entering or coming within 100 yards of the premises of any of the Properties; (3) listing any of the Properties for sale; and (4) renting and/or installing tenants in any of the Properties. Delaware Omaha also seeks any other further relief that this Court deems appropriate.

**COUNT III – CONSPIRACY**

88. Delaware Omaha repeats and realleges the preceding allegations as if fully set forth herein.

89. Delaware Omaha is the rightful owner of the Bubbling Spring, Havilland, and Vantage Point Properties after purchasing the Properties at foreclosure sale.

90. By and through the fraudulent and intentional actions asserted above, Defendants have acted in concert to unlawfully interfere with Delaware Omaha's title to and ownership of the

Properties by falsely claiming the Properties were conveyed to NDF1 and that Delaware Omaha no longer owns the Properties.

91. Defendants have likewise acted in concert to unlawfully interfere with Delaware Omaha's business and economic advantage by directly and indirectly disrupting Delaware Omaha's lawful attempts to market and sell the Properties that it owns.

92. The collective actions of Defendants have caused and continue to cause actual and special damages to Delaware Omaha by disrupting Delaware Omaha's lawful title to the Properties and preventing Delaware Omaha from conducting its business of selling the Properties.

93. WHEREFORE, Delaware Omaha seeks a judgment in an amount exceeding $75,000 that is sufficient to compensate Delaware Omaha for the actual and special damages incurred as a result of Defendants' conspiracy to interfere with Delaware Omaha's lawful ownership of the Properties. , as well as punitive damages resulting from Defendants' malicious conduct. Delaware Omaha further seeks injunctive relief in the form of a TRO and/or preliminary injunction prohibiting Defendants from: (1) continuing to make fraudulent claims of ownership toward the Properties or any other properties owned by Delaware Omaha; (2) from entering or coming within 100 yards of the premises of any of the Properties; (3) listing any of the Properties for sale; and (4) renting and/or installing tenants in any of the Properties. Delaware Omaha also seeks any other further relief that this Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Omaha Property Manager, LLC ("Delaware Omaha"), respectfully requests that this Court enter an Order awarding the following:

A. A Temporary Restraining Order prohibiting Defendants from: (1) making any further false representations as to the ownership of the Bubbling Spring, Havilland, and

Vantage Point Properties or any other property lawfully owned by Delaware Omaha, including any filings in state or federal court asserting such false ownership for the remainder of this matter; (2) from entering or coming within 100 yards of the premises of any of the Properties; (3) listing any of the Properties for sale; and (4) renting and/or installing tenants in any of the Properties;

B.  A Preliminary and/or Final Injunction prohibiting Defendants from: (1) making any further false representations as to the ownership of the Bubbling Spring, Havilland, and Vantage Point Properties or any other property lawfully owned by Delaware Omaha, including any filings in state or federal court asserting such false ownership for the remainder of this matter; (2) from entering or coming within 100 yards of the premises of any of the Properties; (3) listing any of the Properties for sale; and (4) renting and/or installing tenants in any of the Properties;

C.  Damages in excess of $75,000 for each count of the Complaint related to the damages caused to Delaware Omaha and its interests by Defendants' fraudulent deeds and false assertions of ownership regarding the Bubbling Spring, Havilland, and Vantage Point Properties;

D.  Punitive damages resulting from Defendants' malicious, intentional, and reckless conduct;

E.  Costs and expenses, including reasonable attorneys' fees, that Delaware Omaha incurred in bringing this action; and

F.  Granting such other and further equitable relief as this Court may deem just and proper.

Dated:  June 28, 2022

Respectfully submitted,

/s/ Timothy M. Hurley

Timothy M. Hurley (AIS/CPF 0612120406)
Emmit F. Kellar (AIS/CPF 1612130320)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
100 S. Charles Street, Suite 1600
Baltimore, Maryland 21201
(443) 392-9415 (Telephone)
(443) 392-9499 (Fax)
Tim.Hurley@nelsonmullins.com

*Counsel for Plaintiff*
*Omaha Property Manager, LLC*

**CERTIFICATION**

I, Lori Samuels, am Vice President and Assistant Secretary for Plaintiff Omaha Property Manager, LLC, a Delaware limited liability company, and am duly authorized by Plaintiff Omaha Property Manager, LLC to execute this Certification on its behalf. On behalf of Plaintiff Omaha Property Manager, LLC, I solemnly affirm under the penalties of perjury that the information set forth in the foregoing Complaint for Injunctive and Other Relief is true and accurate to the best of my knowledge, information, and belief.

By: ______________________
Lori Samuels
Vice President and Assistant Secretary

Date: JUNE 27, 2022