UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OMAHA PROPERTY MANAGER, LLC )
(a Delaware Limited Liability Company )
425 South Financial Place, Suite 2000 )
Chicago, Illinois   and )
Lori Samuels )
Timothy M. Hurley )

   Plaintiff,      ) Case No. 8:22-cv-01623- GJH
 v.           )
Omaha Property Manager LLC, )
NDF1, LLC (Maryland) )
Sidikatu Raji )
KAMAL MUSTAFA (Maryland) )

## MOTION FOR SANCTIONS AGAINST TIMOTHY HURLEY AND LORI SAMUELS AND REQUEST FOR DAMAGES

COMES NOW, defendant Sidikatu Raji *pro se* files this motion in this court and respectfully requests this court to grant damages for the defamation, pain, and suffering caused by the counsel and his client to the defendant, in support, states the following:

### BACKGROUND

Defendant Sidikatu Raji( herein, "Raji") is a real estate agent and has access to the land records of the state of Maryland and did check the four properties mentioned in this litigation AND did a business entity search in the state of Maryland and Delaware.

1

## UNDISPUTED FACTS

1. Omaha Property Manager LLC, of Maryland, was formed on December 4, 2020. See Exhibit A.
2. All four Deeds, the subject of this litigation were recorded in 2021, after the formation of the Maryland entity.
3. The word Delaware is not mentioned in any of these Deeds. (Emphasis added).
4. Omaha Property Manager LLC of Delaware can do business in the state of Maryland but cannot use the name of a Maryland existing company or maintain an action in court.
5. It is a nonentity of the state of Maryland. It cannot register with the one which is in use. (Emphasis added).
6. Omaha Property Manager LLC of Delaware is a nonentity and cannot maintain an action in Maryland Court.

    In *Stein v. Smith, 751 A.2d 504, 358 Md. 670 (Md. 2000)*, the Court of Appeals Held:
    > "The Steins petitioned for the writ of certiorari which we granted. *Curtis Contractors, Inc. v. Stein*, 356 Md. 494, 740 A.2d 612 (1999). We shall reverse. **Because the original complaint was filed by a nonentity and was a nullity, there was nothing to which the amended complaint could relate back.**"

    Stein v. Smith, 751 A.2d 504, 358 Md. 670 (Md. 2000).

7. **Here *Omaha Property Manager LLC, Delaware Limited Liability Company*, is a nonentity of Maryland.**
8. In *American-Stewart Distillery, Inc. v. Stewart Distilling Co.*, 168 Md. 212, 177 A. 473 (Md. 1935) the Court of Appeals Held:
    > "the charters or certificates of incorporations of all such corporations which have not then paid all taxes, interest and penalties due as

aforesaid, shall be ipso facto repealed, annulled and forfeited and the powers granted to such corporations shall be inoperative, null and void, without the necessity of proceedings of any kind *either at law or in equity.*"...

*American-Stewart Distillery, Inc. v. Stewart Distilling Co.*, 168 Md. 212, 177 A. 473 (Md. 1935).

## JURISDICTION

9. "A federal court may exercise jurisdiction over a litigant only when that litigant meets constitutional and prudential standing requirements. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004). Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). See also Arizona Christian Sch. Tuition Org. v. Winn, ⎯⎯ U.S. ⎯⎯, 131 S.Ct. 1436 1442, 179 L.Ed.2d 523 (2011); City of Los Angeles v. County of Kern, 581 F.3d 841, 845 (9th Cir.2009)."

*In re Veal*, 450 B.R. 897, 11 Cal. Daily Op. Serv. 7989, 2011 Daily Journal D.A.R. 9592 (B.A.P. 9th Cir. 2011).

## REAL PARTY IN INTEREST

Civil Rule 17(a)(1) starts simply: "An action must be prosecuted in the name of the real party in interest." Although the exact definition of a real party in interest may defy articulation, its function and purpose are well understood. As stated in the Advisory Committee Notes for Civil Rule 17,...

*In re Veal*, 450 B.R. 897, 11 Cal. Daily Op. Serv. 7989, 2011 Daily Journal D.A.R. 9592 (B.A.P. 9th Cir. 2011).

10. Omaha Property Manager LLC, Delaware *cannot do business or maintain an action in Maryland in the name of an existing business of Maryland. It is not registered and has no legal interest in any of the subject properties.*

3

11. Judgments are void when entered in favor of legally non-registered entities of Maryland. Federal Rule of Civil Procedure 60(b)(4).

## ARGUENDO

## RECORDATION DATES and TIMES

12. The only date that counts in case of *property transfer is the recordation date.*

13. In the instant case, the four properties which are subject to litigation are mentioned below and are located in the state of Maryland. The Deeds say Omaha Property Manager LLC

14. **All county Deeds are date and time-stamped.**

15. At the time of the transfer, **Omaha Property Manager LLC of Maryland was in existence since December 4, 2020.**

   A. 5516 Vantage Point Rd, Columbia, MD 21044. The deed was recorded on September 22, 2021, at 12:11 PM, in the name of Omaha property manager LLC. *See* Exhibit B.

   B. 4800 Hamilton Street, Hyattsville, MD 20781, The deed was recorded on May 10, 2011, at 3:15 pm, and was transferred to Omaha property manager LLC. *See* Exhibit C.

   C. 1537 Havilland Place, Frederick, MD, 21702. The deed recording date is February 22, 2021, at 4:03 pm, and was transferred to Omaha property manager LLC. *See* Exhibit D.

   D. 14611 Bubbling Spring Rd, Boyds, Md 20841, the deed was recorded on November 4, 2021, at 4:03 PM to Omaha Property manager LLC. *See* Exhibit E.

OMAHA PROPERTY MANAGER LLC, of Maryland, has been IN EXISTENCE SINCE DECEMBER 4, 2020.

The word Delaware is not mentioned in any of these Deeds.

## RECORDATION-DATE AND TIME-IMPORTANT

It is the duty of the **settlement company** *not to record* the property of its client in the name of an already existing company. Omaha Property Manager LLC of Maryland was formed on December 4, 2020.

The Date of sale is not necessary; *the Date of recordation is significant*.

The Recordation attorney's legal responsibility is to do due diligence.

For example, a First Mortgage will become a Second Mortgage if the holder of the second mortgage records its lien first. Next, when the homeowner wants to refinance the first mortgage, it needs a Subordination clause from the second mortgage lender. *Maryland is a race state.*

**The Deeds were transferred to an existing Maryland entity.**

Omaha Property Manager LLC exists in **multiple states**; a *few* are in Illinois, Connecticut, Delaware, New York, and Maryland.

The Fourth Circuit in *Humphrey v. Harrison Bros.*, 196 F.2d 630 (4th Cir. 1952), Held:

> "Again in *Bounds v. Nuttle,* 181 Md. 400, 406, 30 A.2d 263, 266, it was said:
>
> "* * * It may be unfortunate that they did not have the advice of competent counsel, **but their ignorance of law is no excuse.** If their failure to protect themselves against an impecunious contractor causes them to have to pay twice for materials, it is their own fault. The mechanic\'s lien law was passed to cover just such a situation and to protect material men. The theory of it is that the owner gets the benefit of the materials, and he has

control of the money. If he negligently and carelessly pays the money out to the contractor without taking precautions to see that it is applied to the payment of the materials which go in the building, then he must stand the loss rather than the material man, who has no opportunity to protect himself once he has delivered the materials."

*Humphrey v. Harrison Bros.,* 196 F.2d 630 (4th Cir. 1952).

## MARYLAND STATUTES

In the instant case, Omaha Property Manager LLC of Delaware is not in compliance with Maryland Statutes: Few of them are as follows:

**A. Use of Name.**

**B. Registration.**

### A. Use of Name

16. Plaintiff Omaha Property Manager LLC is a Delaware Company and should not use the name of Omaha Property Manager LLC a Maryland entity.

17. Plaintiff Omaha Property Manager LLC is a Delaware Company and is not a registered entity of Maryland.

18. Plaintiffs Omaha Property Manager LLC is a Delaware Company because its failure to register makes it a nonentity of Maryland.

19. In Maryland, there is an Omaha Property Manager LLC, a domestic limited liability company.

20. Plaintiff Omaha Property Manager LLC is a Delaware Company that cannot register with the same name because the name is taken.

21. It cannot **use the name** Omaha Property Manager LLC, and it cannot

**register** with the same name as an existing Omaha Property manager LLC of Maryland.

22. A Delaware Limited Liability Company without a name and Registration cannot maintain an action in Maryland Court.

23. A judgment entered in favor of a nonentity is a nullity.

24. **Maryland Statutes**

    Md. CORPORATIONS AND ASSOCIATIONS Code Ann. § 1-504

    § 1-504. Name to be distinguishable
    An entity name must be distinguishable upon the records of the Department from:
    (1) The entity name of an entity organized or authorized to transact business in the State;
    (2) An entity name reserved or registered under this subtitle; and

    Md. CORPORATIONS AND ASSOCIATIONS Code Ann. § 4A-208

    The name of each limited liability company as set forth in its articles of organization shall comply with the requirements of Title 1, Subtitle 5 of this article.

25. In the instant case, Omaha Property Manager, LLC of Maryland, has not authorized Delaware Omaha to use its name. (Emphasis added).

    Md. CORPORATIONS AND ASSOCIATIONS Code Ann. § 4A-203

    Unless otherwise provided by law or unless otherwise agreed, a limited liability company has the general powers, whether or not set forth in its articles of organization or operating agreement, to:

    (1) Have perpetual existence, although existence may be limited to a specified period of time if the limitation is set forth in its articles of organization;

(2) Sue, be sued, complain, and defend in all courts;

26. In the instant case, Omaha Property Manager LLC is a nonentity of Maryland and do not have the capacity.

27. **Maryland Case laws:**

Omaha Property Manager LLC of Maryland obtained its name legally.

In *American-Stewart Distillery, Inc. v. Stewart Distilling Co.*, 168 Md. 212, 177 A. 473 (Md. 1935) the Court of Appeals Held:

> As it, therefore, appears from the bill of complaint, exhibits, and statutes applicable thereto, that **the appellee has obtained its name in a legal manner, it cannot be enjoined from its legitimate use.**

American-Stewart Distillery, Inc. v. Stewart Distilling Co., 168 Md. 212, 177 A. 473 (Md. 1935).

*In the instant case, Omaha Property Manager LLC of Maryland has obtained its name legally. (Emphasis added).*

In *Stein v. Smith*, 751 A.2d 504, 358 Md. 670 (Md. 2000), the Court of Appeals Held:

> The Steins, who were not served until February 1998, moved to dismiss, asserting, *inter alia*, **the lack of capacity of Curtis Contractors, Inc. to sue.** In an accompanying memorandum, to which a certificate from the State Department of Assessments and Taxation (the Department) was attached as an exhibit, the Steins demonstrated that the charter of Curtis Contractors, Inc. had been forfeited on October 6, 1983, "for failure to file the necessary corporate personal property report or failure to pay any late filing penalties due."

*Stein v. Smith, 751 A.2d 504, 358 Md. 670 (Md. 2000)*

In *American-Stewart Distillery, Inc. v. Stewart Distilling Co.*, 168 Md. 212, 177 A. 473 (Md. 1935) the Court of Appeals Held:

> To place this construction upon it, we would have to conclude from the language of the act that the Legislature intended to place a burden upon those about to form a new corporation of ascertaining the names which, although not then in use, had ever been used in the past, even though the corporations which had once used such names were dead; that the *Legislature was more interested in keeping a name for a dead corporation which showed no evidence of ever desiring to pay its obligations to the State than* **it was to allow a new corporation which was ready to do business with the State upon a cash basis to have such name.**
>
> Furthermore, from a consideration of the act and the record before us, the conclusion is compelling that the appellant in filing its articles of revival actually gave the name of";American-Stewart Distillery, Inc.," as the name by which it would thereafter be known. Under such circumstances there is no equitable principle upon which the appellant can complain [177 A. 476] of receiving such name, for this would be equivalent to complaining of its own conduct.

*American-Stewart Distillery, Inc. v. Stewart Distilling Co.,* 168 Md. 212, 177 A. 473 (Md. 1935).

*In general, there are only no requirements for any new entity to register a name if it is available. If an entity wants to do business and protect its interest, it must register. Maryland is a race state. The race or "race to the courthouse" rule is the simplest. It is also today's least common type of recording act. It says that whoever records first prevails over any later recordings.*

In *Stein v. Smith, 751 A.2d 504, 358 Md. 670 (Md. 2000),* the Court of Appeals Held:

> *American-Stewart Distillery, Inc. v. Stewart Distilling Co.,* 168 Md. 212, 177 A. 473 (1935), was a contest over the **use of the name of a corporation** whose charter had been forfeited. We held that the entity that had adopted the name of the forfeited corporation during the period of forfeiture was entitled to continue to use the name after the revival of the charter of the earlier user of the name. We pointed out that, under the corporation statutes," `the powers

granted to such [forfeited] corporations shall be inoperative, null and void.'"
*Id.* at 217, 177 A. at 475.

*Stein v. Smith*, 751 A.2d 504, 358 Md. 670 (Md. 2000).

## B. REGISTRATION

### MARYLAND STATUTES

### Md. CORPORATIONS AND ASSOCIATIONS Code Ann. § 4A-1002

#### § 4A-1002. Registration

(a) Requirement. -- Before doing any interstate, intrastate, or foreign business in this State, a foreign limited liability company shall register with the Department.

**Omaha Property Manager LLC of Delaware decided not to register in order to save Federal and State taxes. The State of Maryland cannot tax a nonentity. (Emphasis added).**

Doing business without Registration is tax fraud.
This is a case of TAX FRAUD.

### Md. CORPORATIONS AND ASSOCIATIONS Code Ann. § 4A-1007

#### § 4A-1007. Doing business without Registration

(a) **Barred from maintaining suit.** -- If a foreign limited liability company is doing or has done any intrastate, interstate, or foreign business in this State without complying with the requirements of this subtitle, the foreign limited liability company and any person claiming under it may not maintain suit in any court of this State,
**unless the limited liability company shows to the satisfaction of the court that:**

(1) The foreign limited liability company or the person claiming under it has paid the penalty specified in subsection (d)(1) of this section; and

(2)

(i) The foreign limited liability company or a successor to it has complied with the requirements of this title; or

(ii) The foreign limited liability company and any foreign limited liability company successor to it are no longer doing intrastate, interstate, or foreign business in this State.

**(b) No bar to valid acts or defense of suit.** -- The failure of a foreign limited liability company to register in this State does not impair the validity of a contract or act of the foreign limited liability company or prevent the foreign limited liability company from defending any action, suit, or proceeding in a court of this State.

**(c) Department as agent for service of process.** -- A foreign limited liability company, by doing business in this State without Registration, appoints the Department as its agent for service of process with respect to causes of action arising out of doing business in this State.

## MARYLAND CASE LAWS

*A Guy Named Moe, LLC  v. Chipotle Mexican Grill of Colo., LLC*, 447 Md. 425, 135 A.3d 492 (Md. App. 2016), The Court of Appeals Held:

> Under Section 4A–1009(a)(1) of the Corporations and Associations Article Maryland Code (1975, 2007 Repl.Vol.), **"doing business,"** however, does not include **"maintaining suit"**:
>
> In addition to any other activities which may not constitute doing business in this State, for the purposes of this title, the following activities of a foreign limited liability company do not constitute doing business in this State: (1) Maintaining, defending, or settling an action, suit, claim, dispute, or administrative or arbitration proceeding[.]
>
> **"Unless the [foreign] limited liability company shows to the satisfaction of the court"** that it has paid a penalty for

> **noncompliance and complied with the registration requirements, it cannot "maintain" suit, however:** If a foreign limited liability company is doing or has done any intrastate, interstate, or foreign business in this State without complying with the requirements of this subtitle, the foreign limited liability company and any person claiming under it may not maintain suit in any court of this State,
>
> **unless the limited liability company shows to the satisfaction of the court t**hat:
>
> (1) The foreign limited liability company or the person claiming under it has paid the penalty specified in subsection (d)(1) of this section; [9] and (2)(i) The foreign limited liability company or a successor to it has complied with the requirements of this title; or (ii) The foreign limited liability company and any foreign limited liability company successor to it are no longer doing intrastate, interstate, or foreign business in this State.
>
> Maryland Code (1975, 2007 Repl.Vol.), Section 4A–1007(a) of the Corporations and Associations Article.

*A Guy Named Moe, LLC  v. Chipotle Mexican Grill of Colo., LLC*, 447 Md. 425, 135 A.3d 492 (Md. App. 2016).

*A Guy Named Moe, LLC  v. Chipotle Mexican Grill of Colo., LLC*, 447 Md. 425, 135 A.3d 492 (Md. App. 2016), The Court of Appeals Held:

> In the case sub judice, we shall hold that a foreign limited liability company can "cure" its failure to comply with registration requirements and continue its suit even though not registered at the time of filing suit. *What was true in Kendrick, 110 Md. at 47, 72 A. at 464, remains true today with respect to a foreign limited liability company:* "omission on the part of the

*plaintiff does not operate to end a suit otherwise regularly instituted".*

Thus, once a foreign limited liability company *comes into compliance with the statute, it may maintain its action* even though not registered when initiating the suit.

*A Guy Named Moe, LLC v. Chipotle Mexican Grill of Colo., LLC,* 447 Md. 425, 135 A.3d 492 (Md. App. 2016).

<u>In the instant case,</u> Omaha Property Manager LLC of Delaware cannot come into compliance because the name is already taken by a domestic entity, Omaha Property Manager LLC of Maryland.

## DAMAGES

In the instant case, Raji was dragged into and was made a party to the case by Timothy M. Hurley and Lori Samuels's false testimony   Their company has no legal standing under Maryland law as discussed *supra.*

## CONCLUSION

The Maryland Company was formed on December 4, 2020, and is legally registered. The Deeds of these four properties were prepared by attorneys who brought the foreclosure actions. The Deeds were recorded in 2011. Under Maryland Law, Omaha Property Manager LLC of Delaware is a nonentity. A nonentity cannot maintain an action in Maryland Court. *See Supra.*

*It is unlawful to use the name of Omaha Property Manager LLC of Maryland in the State of Maryland.*

## PRAYER

I suffered irreparable harm and want a jury trial for damages.

13

Wherefore, the defendant requests a jury trial for damages.

Dated: October 16, 2022

Respectfully submitted,

/s/ *[signature]*

Sidikatu Raji
9125 Belvedere Drive
Frederick, MD 21704
301-728-3421
sidikatur@gmail.com

## CERTIFICATE OF SERVICE

I certify that on October 16, 2022, a true and correct copy of the Response to Restraining Order was by CM/ECF.

LORI Samuels and

Timothy M. Hurley (Bar No. 28281) Emmit F. Kellar (Bar No. 20734)
NELSON MULLINS RILEY & SCARBOROUG LLP

100 S. Charles Street, Suite 1600
Baltimore, Maryland 21201
(443) 392-9415 (Telephone)
(443) 392-9499 (Fax)
Tim.Hurley@nelsonmullins.com Emmit.Kellar@nelsonmullins.com

/s/ *[signature]*

Sidikatu Raji