IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>
*Southern Division*

| | | |
|---|---|---|
| **OMAHA PROPERTY MANAGER, LLC** | * | |
| **(a Delaware Limited Liability Company)** | * | |
| **c/o Fay Servicing, LLC,** | | |
| | * | |
| **Plaintiff,** | | |
| **v.** | * | **Case No.: GJH-22-1623** |
| **KAMAL MUSTAFA,** *et al.*, | * | |
| **Defendants.** | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Omaha Property Manager, LLC, a Delaware limited liability company ("Delaware Omaha"), brings this civil action against Defendants Kamal Mustafa, Sidikatu Raji, Omaha Property Manager, LLC, a Maryland limited liability company ("Maryland Omaha"), Omaha Property Manager, LLC, an Illinois limited liability company ("Illinois Omaha"), and NDF1, LLC ("NDF1"), a Maryland limited liability company, ("Defendants" and without Sidikatu Raji, "Mustafa Defendants") for Injurious Falsehood (Count I), Intentional Interference with Prospective Economic Advantage (Count II), and Conspiracy (Count III). Pending before the Court are Plaintiff's Motions to Award Delaware Omaha its Legal Fees and Impose Compensatory Sanctions on Defendant NDF1 and Plaintiff's Supplementary Emergency Contempt Motion against the Mustafa Defendants. ECF Nos. 27, 37.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's motions are granted.

---

[1] Also pending before the Court are multiple motions by Defendant Mustafa. First is Defendant Mustafa's Motion to Dismiss, ECF No. 14, which is denied. Although unclear, it appears that Mustafa is arguing that this Court does not have subject matter jurisdiction over these claims, and that Plaintiff lacks standing because it is not registered in the state of Maryland. First, under 28 U.S.C. § 1332, this Court has subject matter jurisdiction because there is complete

## I.      BACKGROUND[2]

### A.  Factual Background

Delaware Omaha is a limited liability company with its principal place of business in Chicago, Illinois. ECF No. 2 ¶ 1. Mustafa is a Maryland resident and the owner of Maryland Omaha, Illinois Omaha, and NDF1, all Maryland limited liability companies. *Id.* ¶¶ 2, 4–6. Defendant Raji is a resident of Maryland. *Id.* ¶ 3. Delaware Omaha was formed on June 11, 2020, for the purpose of purchasing residential properties during foreclosure sales and reselling those properties to interested buyers. *Id.* ¶ 15. Delaware Omaha either sells the properties to institutional buyers or to individual purchasers. When selling to an individual buyer, Delaware Omaha typically employs a third-party real estate company to assist with listing and marketing. *Id.* ¶¶ 16–18.

### 1.  Bubbling Spring Property

On December 2, 2020, Delaware Omaha purchased property located at 14611 Bubbling Spring Road, Boyds, Maryland 20841 ("Bubbling Spring Property") at a foreclosure sale for

---

[2] diversity between the Plaintiff and all Defendants, and Plaintiff seeks damages in excess of $75,000. Second, Mustafa has raised the issue of legal standing multiple times, and in particular, at the August 19, 2022, preliminary injunction hearing, ECF No. 30, and this Court has already rejected the argument, and declines to revisit its ruling. Next is Defendant Mustafa's Motion for Dissolution and Release of Bond Money, ECF No. 29, which is denied. In sum, Defendant argues that Plaintiff wrongfully obtained a temporary restraining order against him as he was under a bankruptcy stay. However, the Temporary Restraining Order, issued on July 13, 2022, ECF No. 17, did not include Defendant Mustafa. As such, Defendant Mustafa's argument is without merit. Finally, is Defendant Mustafa's Motion to Dissolve and Request Hearing, ECF No. 34, which is denied. Defendant Mustafa argues that this Court lacks subject matter jurisdiction, which for the same reasons as stated above is without merit. Mustafa also appears to argue that "he was added to the TRO without notice." This argument is likewise without merit. Mustafa was present at this Court's August 19, 2022, preliminary injunction hearing, ECF No. 30, where the Plaintiff alerted the Court that the Bankruptcy Court had lifted the stay on Mustafa and Plaintiff intended to pursue the lawsuit against Mustafa as well. For these reasons, Defendant's Motions, ECF No. 14, No. 29, and No. 34, are all denied.

[2] Unless stated otherwise, all facts are taken from Plaintiff's Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

$600,000. *Id.* ¶ 19. The Circuit Court for Montgomery County, Maryland ratified the sale on July 16, 2021. *Id.* ¶ 20.

On December 4, 2020, two days after the foreclosure sale of the Bubbling Spring Property, Defendant Mustafa registered Maryland Omaha. On November 18, 2021, about fourteen days after Delaware Omaha recorded its deed for the Bubbling Spring Property, Defendant Mustafa registered Illinois Omaha. *Id.* ¶¶ 22, 23. There is no connection between Mustafa, his two companies, Maryland and Illinois Omaha, and Delaware Omaha. *Id.* ¶ 24.

On or about November 24, 2021, Mustafa executed a fraudulent deed purporting to transfer ownership of the Bubbling Spring Property to NDF1, another entity owned by Mustafa, by misrepresenting that Maryland Omaha and/or Illinois Omaha owned the property, although Delaware Omaha held title to the property. *Id.* ¶¶ 26, 27.

On March 16, 2022, in connection with a bankruptcy proceeding initiated by the former owners of the property, and in an attempt to discharge Delaware Omaha from the bankruptcy proceeding, Mustafa filed an Affidavit swearing that NDF1 owned the Bubbling Spring Property. *Id.* ¶¶ 31, 32.

On March 30, 2022, Delaware Omaha filed a Verified Complaint with the Circuit Court of Montgomery County to Quiet Title and seeking a declaration of Delaware Omaha's lawful acquisition of the Bubbling Spring Property. *Id.* ¶ 33. *See* C-15-CV-22-001354. Defendant Mustafa filed a Motion to Dismiss, which the Court denied on June 9, 2022. *Id.* ¶ 34.

### 2. Defendants' Activities Towards Other Properties Owned by Delaware Omaha

On September 15, 2020, Delaware Omaha purchased property located at 1537 Havilland Place, Frederick Maryland 21702 ("Havilland Property") at a foreclosure sale for $261,000. *Id.* ¶ 37. This purchase was ratified by the Circuit Court for Frederick County on or about November

19, 2020. *Id.* ¶ 38. On April 26, 2022, Mustafa executed another fraudulent deed purporting to transfer ownership of the Havilland Property to NDF1. *Id.* ¶ 40.

On May 4, 2021, Delaware Omaha purchased the property located at 5516 Vantage Point Road, Columbia, Maryland 21044 ("Vantage Point Property") for $299,250. *Id.* ¶ 43. Several months later, on May 5, 2022, Mustafa executed another fraudulent deed purporting to transfer ownership of the Vantage Point Property to NDF1. *Id.* ¶ 46. Prior to transferring the Havilland Property and the Vantage Point Property, Mustafa registered Maryland Omaha to do business with the Secretary of the State for Connecticut, which is the state identified as Delaware Omaha's place of business for the deeds on both properties. *Id.* ¶ 48.

On or about May 25, 2022, the real estate agent employed by Delaware Omaha received a call from Defendant Raji stating that his real estate company had taken over the listing for the Havilland Property and demanding that Delaware Omaha's listing be removed. *Id.* ¶ 51. On June 1, 2022, the real estate agent with Delaware Omaha withdrew the listing after receiving threats from Mustafa that he would send in formal complaints to the Maryland Real Estate Commission. *Id.* ¶¶ 52, 53. Mustafa and Raji engaged in the same actions to get the real estate agent employed by Delaware Omaha to remove the listing for the Vantage Point Property. *Id.* ¶¶ 54–56. Mustafa also stole the spare key from the realtor's lockbox of the Vantage Point Property and at the time of the Complaint was listing the Vantage Point Property as a rental property for the purpose of collecting rent. *Id.* ¶¶ 57, 58.

**3. Defendants Attempt to Sell a Property Owned by Delaware Omaha**

On March 2, 2021, Delaware Omaha purchased a home located at 4800 Hamilton Street, Hyattsville, Maryland ("Hyattsville Street Property") at a foreclosure sale for $400,000. *Id.* ¶ 63. On or about May 13, 2022, Delaware Omaha was alerted that Mustafa and Maryland Omaha

were attempting to sell the Hamilton Street Property to third party buyers. *Id.* ¶ 66. Mustafa and

Maryland Omaha attempted to sell the property for $250,000 with "good and marketable and

insurable title." *Id.* ¶ 67. The sale fell through when the title company discovered that Delaware

Omaha was the rightful owner of the Hamilton Street Property. *Id.* ¶ 69.

**B. Procedural Background**

On July 1, 2022, Defendants removed this case from the Circuit Court of Montgomery

County. ECF No. 1. On July 8, 2022, Plaintiff moved for an emergency motion for a Temporary

Restraining Order ("TRO"), ECF No. 10, which the Court heard argument for on July 13, 2022,

ECF No. 16. On the same day, the Court granted the TRO in favor of Plaintiff and ordered that:

A. Defendants Sidikatu Raji, Omaha Property Manager, LLC (Maryland Omaha), Omaha
   Property Manager, LLC (Illinois Omaha), and NDF1, LLC, (collectively, "Defendants")
   are enjoined from filing any fraudulent deeds asserting ownership or transfer or
   ownership relating to properties that are lawfully owned by Plaintiff Delaware Omaha;

B. Defendants are enjoined from making any public misrepresentations that Defendants
   have any interest in the properties lawfully owned by Delaware Omaha;

C. Defendants are enjoined from entering or coming within 100 yards of the premises of any
   properties lawfully owned by Delaware Omaha;

D. Defendants are enjoined from listing any of the properties lawfully owned by Delaware
   Omaha for sale;

E. Defendants must make all efforts necessary to ensure that any such listings are removed
   from public websites;

F. Defendants are enjoined from renting to and/or installing tenants in any of the properties
   lawfully owned by Delaware Omaha; and

G. The Court reserves for consideration the request for all costs, attorneys' fees, and
   expenses of this action

ECF No. 17. The TRO was set to expire on July 27, 2022, but on August 4, 2022, the Court

extended the TRO to August 19, 2022, due to Defendants' delay in securing counsel. *See* ECF

No. 26. On August 5, 2022, Delaware Omaha filed a motion for compensatory sanctions and legal fees against Defendants for violations of the TRO. ECF No. 27.

On August 19, 2022, this Court held a preliminary injunction hearing and granted the preliminary injunction in favor of Plaintiff. ECF No. 30; ECF No. 33. The preliminary injunction was the same in all material respects to the TRO except that it also pertained to Defendant Mustafa.[3] On September 2, 2022, Plaintiff filed a supplementary motion to find defendants in contempt for violating the preliminary injunction. ECF No. 37.

## II.   DISCUSSION

"It is well-established that federal courts possess an inherent power to punish for contempt." *Schwartz v. Rent-A-Wreck of Am.*, 261 F. Supp. 3d 607, 612 (D. Md. 2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). To establish civil contempt, the moving party must establish each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that movant suffered harm as a result.

*Id.* (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)). If the movant meets the burden, the burden shifts to the respondent to raise a defense on an appropriate ground. *Id.* at 613. There is no doubt that Plaintiff has met his burden.

This Court issued two valid decrees, a TRO and a preliminary injunction, both of which the Court held hearings for and in which Mustafa was present. *See* ECF Nos. 17, 33. Both decrees were in favor of the movant, Plaintiff, and granted the relief they were seeking. *See id.*

---

[3] At the time the TRO was granted, Defendant Mustafa was under a bankruptcy stay and so the TRO did not apply to him. At the time of the preliminary injunction, that stay had been lifted. *See In Re: Kamal Mustafa, Case No. 22-13664*; ECF No. 37-1, Exhibit A (Order Granting Motion for Relief from Automatic Stay).

Mustafa has also violated the terms of decree. First, in July 2022, during his bankruptcy proceeding, Defendant Mustafa, as NDF1, falsely purported to own several properties that were owned by Delaware Omaha. ECF No. 37 at 4. [4] Then, on August 27, 2022, after the preliminary injunction Order, Mustafa Defendants put tenants in the Havilland Property to receive rent, and after Delaware Omaha contacted the police, Mustafa told the officers that he was the owner of the property, and he had leased the property to the tenants. *Id.* at 5–6. The TRO and preliminary injunction explicitly prohibited Defendants from asserting ownership over properties owned by Plaintiff; from making any public misrepresentations about interests in any such properties; from coming within 100 yards of the premises of any such properties; from listing such properties for sale; and from renting and/or installing tenants into any such properties. Defendants have thus knowingly violated the terms of the Court's decrees. Finally, Plaintiff has suffered harm as a result of Defendants' actions. Plaintiffs have had to file numerous motions to assert their legal rights against Defendants and have lost use of the property. The Court is well within its rights to grant the Plaintiff's Motion as Defendants have raised no appropriate defense. [5] Plaintiff's seek multiple remedies to address the flagrant disobedience by the Mustafa Defendants.

"The appropriate remedy for civil contempt is within the court's broad discretion." *Schwartz,* 261 F. Supp. 3d at 617. The court "may impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *Id.* Civil contempt is an appropriate sanction "when a party violates a court order that sets forth in specific detail an unequivocal command." *Ledo Pizza Sys., Inc. v. Singh,* 2014 WL 1347113, at *2 (D. Md. Apr. 3, 2014). In addition to ordering injunctive relief, a court

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[5] Defendants at times appear to be raising a subject matter jurisdiction defense in a slew of different motions filed with this Court, the Court has already rejected these arguments.

can order "the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees." *Schwartz,* 261 F. Supp. 3d at 617. Sanctions "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Ledo Pizza Sys*, 2014 WL 1347113, at *2. A compensatory sanction, cannot "exceed the actual loss to the complainant caused by the actions of respondent, lest the contempt fine become punitive in nature, which is not appropriate in a civil contempt proceeding." *Schwartz,* 261 F. Supp. 3d at 617.

Plaintiff seeks the following sanctions:

1. Levying a fine against Mustafa in an amount adequate to compensate Delaware Omaha for the costs incurred due to Mr. Kitcher's unlawful occupation of the Havilland Property and any necessary actions to remove Mr. Kitcher from the property;

2. Ordering Mustafa to pay Delaware Omaha's attorneys' fees and costs associated with pursuing not only the Motion for Contempt and [the] Supplement, but also [the] action for injunctive relief;

3. Order that, unless Mustafa has the Kitchers removed as tenants of the Havilland Property within 24 hours of this Court's Order, that Mustafa will be taken into custody and imprisoned for a period of time until the Kitchers are removed from the Havilland Property and/or that will permit Delaware Omaha to take the legal actions necessary to retake possession of the Havilland Property and/or verify its lawful ownership of those properties to which Defendants have unlawfully claimed ownership.

ECF No. 37 at 9. The Court first notes that Defendants had notice of the request for civil contempt and sanctions as both of Plaintiff's Motions were filed with the Court and served on Defendants. *See Ledo Pizza Sys*, 2014 WL 1347113, at *2 (finding that the filing and service of the motion was enough to give notice).

Defendants are hereby ordered to remove any and all tenants from the Havilland Property and any of the other four properties which this Court has identified in its preliminary injunction Order. (The Bubbling Spring Property, the Hyattsville Street Property, the Havilland Property, and the Vantage Point Property). All such tenants must be removed within 48 hours of this Order

or face a fine of $250 per day for everyday Defendants are in violation of this order, with the possibility of imprisonment. *See Solis v. Malkani,* 2010 WL 311858, at *3 (D. Md. Jan. 20, 2010), *aff'd*, 638 F.3d 269 (4th Cir. 2011) (stating that if payments were not made the Court would impose a fine of $250 per day to secure compliance).

Defendants are also entitled to lost profits and attorney's fees. "A court may award the complainant its reasonable costs and attorneys' fees associated with bringing a civil contempt motion." *Ledo Pizza Sys*, 2014 WL 1347113, at *4. The "refusal to comply with a Court Order must rise at least to the level of 'obstinance or recalcitrance' before attorney's fees can be ordered." *Id.* Defendants have directly defied the Courts order, not once, but twice, on two separate occasions, once after the Court issued its TRO, and again after the Court issued the preliminary injunction. Furthermore, Defendants were aware of their violations because they were present at both hearings and have been served with both of Plaintiff's motions for contempt. This is enough to find obstinance and recalcitrance. *See id.* at *5 (finding obstinance and recalcitrance where respondent was aware that he was violating the Court's Order and nonetheless continued to do so). Accordingly, the Court will award appropriate attorneys' fees and costs associated with filing the contempt motion, the supplementary motion, and the action for injunctive relief. Plaintiff should file with the Court documentation so the Court may determine an appropriate award.

As to Plaintiff's request for a fine against Defendants, Plaintiff is entitled to profits lost due to Defendants actions. Plaintiff should likewise submit documentation to show the Court how much profits they have lost due to Defendants actions. *See Ledo Pizza Sys*, 2014 WL 1347113, at *4 (using sales figures improperly obtained as the dollar amount for what must be remitted to the movants); *see also Buffalo Wings Factory, Inc. v. Mohd,* 574 F. Supp. 2d 574,

581–82 (E.D. Va. 2008) (same); *Schwartz,* 261 F. Supp. 3d at 620–21 (using lost profits to

calculate award to movant).

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motions are granted. A separate Order follows.

Date: <u>February  24, 2023</u>                              ___/s/_____

GEORGE J. HAZEL
United States District Judge