IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OMAHA PROPERTY MANAGER, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 22-cv-001623-LKG |
| ) | |
| v. ) | Dated: December 10, 2024 |
| ) | |
| KAMAL MUSTAFA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant, Kamal Mustafa, has moved for reconsideration of the Court's October 18, 2024, memorandum opinion, order and judgment that: (1) granted Plaintiff Omaha Property Manager, LLC's ("Delaware Omaha") motion to deem the allegations in the verified complaint admitted by the Defendants and (2) awarded Delaware Omaha attorneys' fees and costs in the amount of $38,753.00, and lost profits in the amount of $38,888.12, pursuant to Fed. R. Civ. P. 59(e). ECF No. 180; *see also* ECF Nos. 175, 176 and 177. Delaware Omaha has not filed a response to this motion. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** Defendant Mustafa's motion for reconsideration.

**Background And Procedural History**

In this case, Delaware Omaha brings claims for injunctive and other relief against the Defendants, Kamal Mustafa; Sidikatu Raji; Omaha Property Manager, LLC, a Maryland limited liability company ("Maryland Omaha"); Omaha Property Manager, LLC, an Illinois limited liability company ("Illinois Omaha"); and NDF1, LLC ("NDF1"), a Maryland limited liability company, arising from the Defendant's fraudulent attempts to purchase and sell several properties owned by Delaware Omaha. *See generally* ECF No. 2. A detailed factual background for the case is set forth in the Court's October 18, 2024, memorandum opinion in this matter. ECF No. 175.

Relevant to the pending motion for reconsideration, on April 19, 2023, Delaware Omaha filed a Bill of Costs seeking to recover certain attorneys' fees and costs arising from its efforts to obtain injunctive relief in this case. ECF No. 93. On June 21, 2024, Delaware Omaha also filed a motion to deem the allegations in the verified complaint admitted by the Defendants, because the Defendants have not denied the specific allegations contained in the verified complaint. ECF No. 160.

On October 18, 2024, the Court issued a memorandum opinion that: (1) granted Delaware Omaha's motion to deem the allegations in the verified complaint admitted by the Defendants and (2) awarded Delaware Omaha attorneys' fees and costs in the amount of $38,753.00 and lost profits in the amount of $38,888.12. ECF No. 175. Specifically, the Court held that: (1) it had jurisdiction to consider this case, because there is complete diversity among the Plaintiff and all Defendants; (2) the factual allegations in the verified complaint are deemed admitted by the Defendants, because they failed to deny the specific factual allegations in the verified complaint; and (3) Delaware Omaha has shown that it is entitled to the attorney's fees, costs and lost profits that it seeks to recover from the Defendants. *Id*. at 9-14. And so, the Court granted Delaware Omaha's motion to deem the allegations in the verified complaint admitted by the Defendants and awarded Delaware Omaha attorneys' fees and costs in the amount of $38,753.00 and lost profits in the amount of $38,888.12. *Id*. at 14.

On October 31, 2024, Defendant Mustafa filed a motion for reconsideration of the Court's decision. ECF No. 180.

### **Standards Of Decision**

A party may move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or seek relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59 and 60(b). Pursuant to Rule 59(e), a party may move to alter or amend a court's judgment within 28 days of entry. Fed. R. Civ. P. 59(e). But a judgment may be amended under Rule 59(e) in only limited circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted).

In addition, Fed. R. Civ. P. 60(b) sets forth the grounds for obtaining relief from a judgment or order, and provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The United States Court of Appeals for the Fourth Circuit has recognized that a party seeking relief from judgment under Rule 60(b) must have a meritorious claim or defense, and the opposing party must not be unfairly prejudiced by having the judgment set aside. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993).

## Analysis

Defendant Mustafa seeks reconsideration of the Court's October 18, 2024, memorandum opinion, order and judgment upon the following eight grounds: (1) Delaware Omaha received default judgments in separate state court actions which preclude the requested relief in this case; (2) the Court erred by failing to apply Maryland law, which does not entitle Delaware Omaha to recover any costs; (3) the judgments in certain Maryland state court actions are "enrolled judgments;" (4) the Court erred by not abstaining from interfering with certain state court proceedings; (5) the doctrine of *res judicata* applies, because of the judgments issued in the state court action; (6) Delaware Omaha has no legal existence in the state of Maryland; (7) an attorney does not represent Delaware Omaha in this matter; and (8) Delaware Omaha is not licensed to rent any property in Maryland. ECF No. 180. And so, Defendant Mustafa requests that the Court set aside the October 18, 2024, memorandum opinion, order and judgment and dismiss this case. *Id*. at 10. For the reasons that follow, the Court DENIES Defendant Mustafa's motion for reconsideration.

A careful reading of Defendant Mustafa's motion for reconsideration makes clear that he has not identified a proper ground for seeking reconsideration under Rule 59(e). A party may seek to alter or amend the Court's judgment, pursuant to Rule 59(e), within 28 days of entry of that judgment. Fed. R. Civ. P. 59(e). But, Defendant Mustafa may only seek to amended the Court's judgment under Rule 59(e) to either: (1) accommodate an intervening change in controlling law; (2) account for new evidence not available at trial; or (3) correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted). None of these circumstances are present here.

In his motion for reconsideration, Defendant Mustafa largely restates the legal arguments that he previously presented to the Court in his responses in opposition to Delaware Omaha's Bill of Costs. ECF No. 180 at 1-9; *see also* ECF Nos. 97 and 148 (re-stating arguments that, among other things: (1) the Court lacks jurisdiction to consider this matter; (2) the *Rooker-Feldman* doctrine and *res judicata* bar the case; (3) the default judgments issued in the related Maryland state court quiet title actions preclude relief; (4) Delaware Omaha lacks attorney representation; and (5) Delaware Omaha lacks a license and registration in Maryland). A reading of the Court's October 18, 2024, memorandum opinion also makes clear that the Court previously considered and rejected these arguments. ECF No. 175 at 10-14. Defendant Mustafa also does not identify an intervening change in controlling law, or new evidence that would warrant reconsideration of the Court's October 18, 2024, memorandum opinion, order and judgment. *See generally* ECF No. 180.

Given this, Defendant Mustafa's motion for reconsideration is an effort to improperly relitigate issues and arguments that have been previously considered and rejected by the Court. And so, the Court must DENY Defendant Mustafa's motion for reconsideration. *See Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F.Supp. 2d 612, 620 (D. Md. 2013) (quoting *Sanders v. Prince George's Pub. Sch. Sys.*, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011)) ("A motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'").

**Conclusion**

For the foregoing reasons, the Court **DENIES** Defendant Mustafa's motion for reconsideration (ECF No. 180).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
