IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| OMAHA PROPERTY MANAGER, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 22-cv-001623-LKG |
| v. | ) ) | Dated: January 14, 2025 |
| KAMAL MUSTAFA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Kamal Mustafa, has moved to stay this matter while his interlocutory appeal of the Court's December 10, 2024, Decision denying his motion for reconsideration of the Court's October 18, 2024, Decision granting Plaintiff Omaha Property Manager, LLC's ("Delaware Omaha") motion to deem the allegations in the verified complaint admitted by the Defendants and awarding Delaware Omaha attorneys' fees and costs in the amount of $38,753.00, and lost profits in the amount of $38,888.12 is pending before the United States Court of Appeals for the Fourth Circuit. ECF No. 184. Delaware Omaha opposes the motion to stay. ECF No. 190.

The parties have also filed several other pending motions, including: (1) Defendant Mustafa's motion to strike the testimony of Vice President of Omaha Property Manager, LLC; (2) Defendant Mustafa's motion to dismiss; (3) Defendant Mustafa's amended motion to dismiss; (4) Defendant Sidikatu Raji's motion for sanctions; (5) Defendant Mustafa's response to response in support of emergency motion contempt finding and relief requested herein, reply in response to motion to strike the testimony of Vice President of Omaha Property Manager, LLC, and motion to dismiss; (6) Delaware Omaha's third motion to hold the Defendants in contempt; (7) Delaware Omaha's emergency motion for preliminary injunction order to stop imminent sale of Delaware Omaha's real property; (8) Defendant Raji's motion to dismiss for failure to file affidavit of military service; (9) Defendant Mustafa's motion to dismiss for failure to file affidavit of military service; (10) Delaware Omaha's second motion for other relief regarding the Court's contempt order; (11) Defendant Mustafa's motion for sanctions; (12) Defendant

Mustafa's motion for leave to file a surreply; (13) Defendant Raji's motion to dismiss for lack of jurisdiction; and (14) Defendant NDF1, LLC's motion to vacate notices of default, Clerk's entry of default, and reply to Delaware Omaha's motion for default judgment. ECF Nos. 48, 49, 52, 58, 60, 64, 65, 69, 70, 89, 92, 104, 107 and 109. No hearing is necessary to resolve these motions. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **DENIES** Defendant Mustafa's motion to stay pending appeal and (2) **DENIES-AS-MOOT**: (i) Defendant Mustafa's motion to strike the testimony of Vice President of Omaha Property Manager, LLC; (ii) Defendant Mustafa's motion to dismiss; (iii) Defendant Mustafa's amended motion to dismiss; (iv) Defendant Sidikatu Raji's motion for sanctions; (v) Defendant Mustafa's response to response in support of emergency motion contempt finding and relief requested herein, reply in response to motion to strike the testimony of Vice President of Omaha Property Manager, LLC, and motion to dismiss; (vi) Delaware Omaha's third motion to hold the Defendants in contempt; (vii) Delaware Omaha's emergency motion for preliminary injunction order to stop imminent sale of Delaware Omaha's real property; (vii) Defendant Raji's motion to dismiss for failure to file affidavit of military service; (ix) Defendant Mustafa's motion to dismiss for failure to file affidavit of military service; (x) Delaware Omaha's second motion for other relief regarding the Court's contempt order; (xi) Defendant Mustafa's motion for sanctions; (xii) Defendant Mustafa's motion for leave to file a surreply; (xiii) Defendant Raji's motion to dismiss for lack of jurisdiction; and (xiv) Defendant NDF1, LLC's motion to vacate notices of default, Clerk's entry of default, and reply to Delaware Omaha's motion for default judgment.

## Background And Procedural History

In this case, Delaware Omaha brings claims for injunctive and other relief against the Defendants, Kamal Mustafa; Sidikatu Raji; Omaha Property Manager, LLC, a Maryland limited liability company ("Maryland Omaha"); Omaha Property Manager, LLC, an Illinois limited liability company ("Illinois Omaha"); and NDF1, LLC ("NDF1"), a Maryland limited liability company, arising from the Defendant's fraudulent attempts to purchase and sell several properties owned by Delaware Omaha. *See generally* ECF No. 2. The parties have filed several motions in this matter which are pending before the Court. *See* ECF Nos. 48, 49, 52, 58, 60, 64, 65, 69, 70, 89, 92, 104, 107 and 109.

Relevant to the pending motion to stay, on December 16, 2024, Defendant Mustafa appealed and filed a motion to stay this matter pending his appeal before the Fourth Circuit of

the Court's December 10, 2024, Decision denying his motion for reconsideration of the Court's October 18, 2024, Decision granting Delaware Omaha's motion to deem the allegations in the verified complaint admitted by the Defendants and awarding Delaware Omaha attorneys' fees and costs in the amount of $38,753.00, and lost profits in the amount of $38,888.12. ECF Nos. 184 and 185. On January 7, 2025, Delaware Omaha filed a response in opposition to the motion to stay pending appeal. ECF No. 190. On January 13, 2025, Defendant Mustafa filed a reply brief. ECF No. 191.

## Standards Of Decision

A party seeking a stay pending appeal must show: "(1) that [the movant] will likely prevail on the merits of the appeal, (2) that [the movant] will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

## Analysis

### A. The Court Denies Defendant Mustafa's Motion To Stay Pending His Interlocutory Appeal

Defendant Mustafa argues that a stay pending appeal is appropriate in this case upon the following four grounds: (1) he will likely prevail on the merits of the appeal, because the Court does not have subject matter jurisdiction in this matter; (2) he will suffer irreparable injury if the stay is denied, because the evidence in this case was not preserved for appeal; (3) other parties will not suffer harm from the stay, because Delaware Omaha is not registered as a Maryland business; and (4) the public interest will be served by a stay, "by not allowing servicers to provide services to unregistered, unlicensed entities." *See generally* ECF No. 184. And so, Defendant Mustafa requests that the Court stay this matter, pending his appeal. *Id*. at 6.

Delaware Omaha counters that the Court should not stay this case pending Defendant Mustafa's appeal, because he has not shown that any of the elements required for a stay pending appeal have been met. *See generally* ECF No. 190. And so, Delaware Omaha requests that the Court deny Defendant Mustafa's motion. *Id*. at 4.

A careful reading of Defendant Mustafa's motion to stay makes clear that has not shown the required elements to warrant a stay of this matter pending appeal. A stay in this matter is only appropriate if Defendant Mustafa can show that: (1) he will likely prevail on the merits of the appeal; (2) he will suffer irreparable injury if the stay is denied; (3) other parties will not be substantially harmed by the stay; and (4) the public interest will be served by granting the stay. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). In this case, the Court has already determined that it has jurisdiction to consider this matter. *See* ECF No. 175 at 10 (addressing the Court's jurisdiction). And so, Defendant Mustafa's argument that he is likely to succeed on the merits of his appeal, because the Court lacks jurisdiction, is unavailing. ECF No. 184 at 5.

Defendant Mustafa has also not identified any irreparable injury that he will suffer if the stay is denied. *See id*. The Court also agrees with Delaware Omaha that a stay of this matter will substantially harm Delaware Omaha, by further delaying the Court's ruling on its pending motion for summary judgment. *See* ECF No. 190 at 3. Lastly, Defendant Mustafa has not explained how granting a stay will serve the public interest. *See* ECF No. 184 at 6. And so, for each of these reasons, the Court must DENY Defendant Mustafa's motion to stay pending appeal. *Long*, 432 F.2d at 979.

### B.     The Court Denies-As-Moot Other Pending Motions

The parties have also filed several other motions that are moot given Delaware Omaha's motion for summary judgment, namely: (1) Defendant Mustafa's motion to strike the testimony of Vice President of Omaha Property Manager, LLC; (2) Defendant Mustafa's motion to dismiss; (3) Defendant Mustafa's amended motion to dismiss; (4) Defendant Raji's motion for sanctions; (5) Defendant Mustafa's response to response in support of emergency motion contempt finding and relief requested herein, reply in response to motion to strike the testimony of Vice President of Omaha Property Manager, LLC, and motion to dismiss; (6) Delaware Omaha's third motion to hold the Defendants in contempt; (7) Delaware Omaha's emergency motion for preliminary injunction order to stop imminent sale of Delaware Omaha's real property; (8) Defendant Raji's motion to dismiss for failure to file affidavit of military service; (9) Defendant Mustafa's motion to dismiss for failure to file affidavit of military service; (10) Delaware Omaha's second motion for other relief regarding the Court's contempt order; (11) Defendant Mustafa's motion for sanctions; (12) Defendant Mustafa's motion for leave to file a

surreply; (13) Defendant Raji's motion to dismiss for lack of jurisdiction; and (14) Defendant NDF1, LLC's motion to vacate notices of default, Clerk's entry of default, and reply to Delaware Omaha's motion for default judgment. ECF Nos. 48, 49, 52, 58, 60, 64, 65, 69, 70, 89, 92, 104, 107 and 109.

The Court has previously held these motions in abeyance. ECF No. 144. The Court also has held status conferences in this matter, during which the parties acknowledged that the resolution of Delaware Omaha's pending and fully briefed motion for summary judgment is the most efficient and appropriate next step in this litigation. Given this, the parties' other pending motions appear to be moot. And so, the Court DENIES these motions AS MOOT.

## Conclusion

For the foregoing reasons, the Court:

(1) **DENIES** Defendant Mustafa's motion to stay pending appeal (ECF No. 184);

(2) **DENIES-AS-MOOT** Defendant Kamal Mustafa's Motion to Strike the Testimony of Vice President of Omaha Property Manager LLC (ECF No. 48);

(3) **DENIES-AS-MOOT** Defendant Kamal Mustafa's Motion to Dismiss (ECF No. 49);

(4) **DENIES-AS-MOOT** Defendant Kamal Mustafa's Amended Motion to Dismiss (ECF No. 52);

(5) **DENIES-AS-MOOT** Defendant Sidikatu Raji's Motion for Sanctions (ECF No. 58);

(6) **DENIES-AS-MOOT** Defendant Kamal Mustafa's Response to Response in Support of Emergency Motion Contempt Finding and Relief Requested Herein; Reply in Response to Motion to Strike the Testimony of Vice President of Omaha Property Manager LLC, Delaware; and Motion to Dismiss (ECF No. 60);

(7) **DENIES-AS-MOOT** Plaintiff's Third Motion to Hold Defendants in Contempt (ECF No. 64);

(8) **DENIES-AS-MOOT** Plaintiff's Emergency Motion for Preliminary Injunction Order to Stop Imminent Sale of Plaintiff's Real Property (ECF No. 65);

(9) **DENIES-AS-MOOT** Defendant Sidikatu Raji's Motion to Dismiss for Failure to File Affidavit of Military Service (ECF No. 69);

(10) **DENIES-AS-MOOT** Defendant Kamal Mustafa's Motion to Dismiss for Failure to File Affidavit of Military Service (ECF No. 70);

(11) **DENIES-AS-MOOT** Plaintiff's Second Motion for Other Relief Re Contempt Order (ECF No. 89);

(12) **DENIES-AS-MOOT** Defendant Kamal Mustafa's Motion for Sanctions (ECF No. 92);

(13) **DENIES-AS-MOOT** Defendant Kamal Mustafa's Motion for Leave to File a Surreply (ECF No. 104);

(14) **DENIES-AS-MOOT** Defendant Sidikatu Raji's Motion to Dismiss for Lack of Jurisdiction (ECF No. 107); and

(15) **DENIES-AS-MOOT** Defendant NDF1, LLC's Motion to Vacate Notices of Default, Clerk's Entry of Default, and Reply to Plaintiff's Motion for Default Judgment (ECF No. 109).


**IT IS SO ORDERED.**

                                                  s/Lydia Kay Griggsby
                                                  LYDIA KAY GRIGGSBY
                                                  United States District Judge